**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**CHARLIE DRIGGERS, et al,**

    **Plaintiffs,**

**vs.**                                                                            **CASE NO. 1:05CV201-SPM/AK**

**VEZER'S PRECISION INDUSTRIAL
CONSTRUCTION INTERNATIONAL,
et al,**

    **Defendants.**

    _____/

**O R D E R**

Presently before the Court are Defendants' Motion to Expedite a ruling (doc. 50) on their Joint Motion to Compel Rule 35 Physical Examination. (Doc. 39). Having considered said motions, the Court is of the opinion that the Motion to expedite (doc. 50) should be **GRANTED**, as well as the Joint Motion to Compel Rule 35 Physical Examination. (Doc. 39).

Rule 35, Federal Rules of Civil Procedure, provides that a court may order the physical or mental examination of a person whose conditions are "in controversy" by "a suitably licensed or certified examiner" and "upon notice to the person to be examined and to all parties" said notice shall "specify the time, place, manner, conditions, and scope of the examinations and the person or persons by whom it is to be made."

The parties agree that Plaintiff has put his physical condition at issue, however, Plaintiff disagrees that he should be required to travel outside the jurisdiction of this court to be examined in Orlando, Florida, or that he should be examined by both an orthopedist (Dr. Stephen R. Goll) and a physiatrist (Dr. Matthew D. Imfeld).

Although the movant seeking an examination does not have an absolute right to the examiner of their choice, absent valid objections to the selection the movant usually is entitled to a physician of their choice.  Great West Life Assurance co. v. Levithan, 153 F.R.D. 74 (D.C. Pa. 1994); Looney v. National RR Passenger Corp., 142 F.R.D 264, 265 (D. Mass. 1992).  Even though Defendant has benefit of Plaintiff's medical records, defendant is entitled to "the benefit of an examination by a physician whose judgment counsel knows and respects." Bennett v. White Laboratories, Inc., 841 F. Supp. 1155, 1158 (M.D. Fla. 1993).  The parameters of the proposed examination are left to the sound discretion of the court.  Stuart v. Burford, 42 F.R.D. 591, 592 (ND Okla. 1967).

The Court has read the cases cited by the parties, particularly Bennett and Stuart, which concern the location for the examination and is not persuaded by the circumstances of those cases that a hard line rule is established by them or should be established that would preclude requiring Plaintiff, in this instance, to travel outside the jurisdiction of the Court for an examination.  First, the lines demarcating the Northern and Middle Districts of Florida are configured in such a way that Dixie County, where Plaintiff lives and which is designated within the Northern District of Florida, is considerably *south* of Hamilton, Columbia, Baker and Duval counties, for example, which are included in the Middle District of Florida.  Thus, to adopt the position Plaintiff

**No. 1:05cv201-spm/ak**

suggests would inevitably result in illogical rulings, e.g. a Plaintiff in Jacksonville, Florida, could be required to travel to Ft. Myers for an examination (over 300 miles) because those two cities are in the Middle District, but would not be required to drive 40 miles from Gainesville to Ocala because these two areas are in separate districts. Plaintiff in this case would be required to drive less than 150 miles to Orlando, and the Court finds that such a requirement is not overly burdensome under the facts of this case.

Further, although the variations in the scope of the two proposed examinations appears slight (see Doc. 39, pp. 5-6), distinguished only by the rehabilitation assessment of the physiatrist, Plaintiff himself has been treated by both specialities persuading the Court that there must indeed be a sufficient difference to warrant two separate examinations. Defendants appear willing to accommodate Plaintiff as much as possible to schedule both these examinations on the same date, and the Court directs both parties to continue their efforts to this end.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Expedite (doc. 50) is **GRANTED**.

2. Defendants' Joint Motion to Compel Rule 35 Physical Examinations of Plaintiff (doc.39) is **GRANTED**.  Plaintiff is hereby directed to make himself available for examination by Drs. Goll and Imfeld, pursuant to Rule 35, Federal Rules of Civil Procedure, in Orlando, Florida.

**No. 1:05cv201-spm/ak**

3.  The discovery deadline is hereby extended through **July 6, 2007**, for the limited purpose of completing these two examinations.

**DONE AND ORDERED** this   *6th*   day of June, 2007.


                                *s/ A. KORNBLUM*
                                **ALLAN KORNBLUM**
                                **UNITED STATES MAGISTRATE JUDGE**

**No. 1:05cv201-spm/ak**